IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY WHITE,

          Plaintiff,

vs.

Case No. 10-2046-JTM

SOCIAL REHABILITATION SERVICES
OF THE STATE OF KANSAS, and the
STATE OF KANSAS

          Defendants.

MEMORANDUM AND ORDER

Plaintiff Larry White has brought the present pro se action seeking alternatively damages or a reduction in the level of child support he is obliged to pay under a garnishment order obtained by the defendant Social and Rehabilitation Services (SRS) of the State of Kansas. White has sued both SRS and the State of Kansas, alleging that the garnishment violates 42 U.S.C. § 1983 and his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 1201 *et seq.*

The defendants first moved (Dkt. 10) to dismiss White's claims because (a) he has failed to state any claim upon which relief could be granted, (b) Eleventh Amendment immunity, (c) res judicata, and (d) abstention. In response, White filed an Amended Complaint (Dkt. 12) which did not substantially address any of the issues raised by defendants' motion. With the exception of some

minor, additional facts, the key change appears to be that White is now seeking an explicit reduction in his child support payments rather than damages.

After the defendants filed a reply in support of their motion, White filed another Motion to Amend the Complaint, stating that he sought to name additional specific defendants (including SRS employees and a state court judge) acting under color of law. (Dkt. 14). White also filed a Response, which contends that the Eleventh Amendment immunity claim is "barred by 42-uscs-12202." (Dkt. 16, at 1). He also stresses that all of the allegations in his Complaint must be viewed as true. (*Id.*, at 2).

Subsequently, after the defendants opposed the motion to amend and renewed their motion to dismiss, White asked to add two additional defendants, two local SRS Area Divisions. (Dkt. 18). White also filed a response which stresses his pro se status as grounds for approval of leave to amend, and states, "I don't know if I can sue a state or its agency directly, I'm not a lawyer," but that he believes he "can and do[es] have the right to sue State workers in there [sic] personal and official capacity." (Dkt. 19, at 1). "FURTHERMORE," he states, "something called a "Monell claim" gives me the right to sue ANY City, town, county or other kind of local government for injunction or monetary damages when a violation of my rights was the result of policy or custom." *Id.* (emphasis in original).

The court will grant the defendants' motion and renewed motion. At the same time, the court will also deny the pending motions to amend, as each of the proposed Complaints suffer similar infirmities, and leave to amend is properly denied where the action is futile. *See Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir.1997)

First, the court finds that in none of the filed or proposed Complaints does White ever articulate his claims at anything other than the most general level. A Complaint is subject to dismissal where it fails to state "a set of facts consistent with the allegations in the Complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1969 (2007). That is, the plaintiff must "provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id*. at 1964. This the plaintiff's Complaints fail to do.

The Amended Complaint, for example, merely complains that "SRS is garnishing an amount of money that is <u>arbitrary</u> ... and outrageous high." (Dkt. 12, at 2 (emphasis in original). He states that he has been garnished $4200 per year for child support, and that "<u>NO REASONABLE PERSON OR JUROR</u> would agree that this is a fair and appropriate amount." (*Id.*) He then concludes: "All I really seek is a lower child support payment," which he suggests would be "between $5 and $25 dollars per month." (*Id*.) The Amended Complaint and the other proposed Complaints fail to set forth any set of facts which would corroborate the existence of a federal claim under 42 U.S.C. § 1983.

Second, dismissal is appropriate as to the SRS or other state agencies. Generally, claims under 42 U.S.C. §1983 may not be brought against a state or a state agency. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979). Here, the SRS is an agency of the State of Kansas pursuant to K.S.A. 75-5301 *et seq*.

The Eleventh Amendment doctrine of sovereign immunity prohibits actions by private individuals against states in federal court unless (1) the state consented to suit; (2) Congress expressly abrogated the immunity; or (3) the citizen sues a state official for prospective relief against

an ongoing violation of federal constitutional or statutory rights, pursuant to *Ex Parte Young*, 209 U.S. 123 (1908). *See Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990); *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006). In *Garrett*, the Supreme Court held that Congress did not validly abrogate the State's Eleventh Amendment immunity under the ADA. 121 S.Ct. at 964-68.

Third, to the extent that the court can reasonably construe White's claims, the essential gravamen of his complaint – that he is unfairly being charged for child support – is barred by res judicata. White claims in his Motion and Second Amended Complaint "the issue argued here were not argued in state court because the Courts ignored the points I was trying to make relying solely upon the MISGUIDED issues that SRS claimed that I was making and not the actual issues I was trying to present." (Dkt. 14, p. 8 (emphasis in original). That is, White actually raised arguments in state court proceedings, and the state court refused to accept his position. He then appealed from that decision, and lost again. *State ex rel. Moeller v. White*, 42 Kan.App.2d 756, 216 P.3d 727 (2009). The decision approving the child support payments is binding on White as res judicata. *See Northern Natural Gas v. L.D. Drilling*, No. 08-1405-WEB, 2009 WL 3739735, at *6 (D. Kan. Nov. 6, 2009) (discussing res judicata).

Fourth and finally, by attempting to relitigate issues presented in prior state court proceedings, the plaintiff would force this court to interfere in the enforcement of a state court judgment. Such intervention is prohibited under the abstention doctrine recognized under federal law. *See, e.g., Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519 (1987).

IT IS ACCORDINGLY ORDERED on this 30th day of June, 2010, that the defendants' Motion to Dismiss and Renewed Motion to Dismiss (Dkt. 10, 13) are hereby granted; plaintiff's Motions to Amend (Dkt. 14 and 18) are hereby denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE